THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOHN MOSLEY, JR.,<br><br>              Plaintiff,<br><br>v.<br><br>CAC FINANCIAL CORP.<br><br><br><br>              Defendant. | **COMPLAINT**<br><br>Case No.: 9:21-cv-94<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff John Mosley, Jr., by and through the undersigned counsel, and for his Complaint against Defendant, CAC Financial Corp. ("CAC") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Nacogdoches, a part of Nacogdoches County, Texas 75964.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Nacogdoches, a part of Nacogdoches County, Texas 75964, making this a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, an Oklahoma corporation headquartered in Oklahoma City, Oklahoma 73112, practices as a debt collector throughout the country, including Texas.

8. Defendant is registered to transact business in Texas and has a registered agent in the state.

9. Defendant attempts to collect alleged debts throughout the state of Texas, including in Nacogdoches City and county.

10. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

11. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Nacogdoches City and county and Defendant attempts to collect alleged debts throughout the state of Texas.

12. As Defendant knowingly attempted to collect on a debt allegedly incurred in Nacogdoches City, Texas, it thus has sufficient minimum contacts with this venue, venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

13. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

14. Revco's collection activities violated the FDCPA.

15. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and

articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

16. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

17. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

18. Plaintiff, John Mosley, Jr. (hereafter "Plaintiff"), is a natural person currently residing in the state of Texas.

19. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

20. Defendant CAC is an Oklahoma company engaged in the business of collecting debts, using mails and telephone in this state with its principal place of business located at 2601 NW Expressway, Suite 1000E, Oklahoma City, Oklahoma 73112.

21. CAC is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

22. CAC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than CAC.

24. Upon information and belief, on a date better known by CAC, CAC began to attempt to collect an alleged consumer debt from the Plaintiff.

25. On or about May 28, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

26. The alleged debt was said to be owed for a medical bill and therefore would only have been used for personal or family purposes.

27. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Defendant's representative failed to inform Plaintiff that she was a debt collector attempting to collect a debt.

30. Failure to provide the Mini-Miranda Disclosure violated 15 U.S.C. § 1692e(11).

31. During the telephone call, Plaintiff informed Defendant he was disputing the alleged debt.

32. At that time, Defendant's representative did not accept the dispute.

33. Defendant's representative told Plaintiff that the account was his responsibility, despite the fact that Defendant's representative could not have that knowledge.

34. Moreover, when Plaintiff again attempted to dispute the alleged debt, Defendant's representative stated that Plaintiff could dispute the alleged debt but that Defendant would just send validation to his address.

35. Defendant could have no other purpose in making this statement unless she were either implying Plaintiff were lying about his dispute or if she were attempting to dissuade Plaintiff from disputing the alleged debt.

36. Moreover, upon information and belief, Defendant's representative failed to notate Plaintiff's file with a dispute, and thus failed to properly update Plaintiff's credit file when voluntarily re-reporting the accounts.

37. Defendant's representative attempted to confiscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

38. All of CAC's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

39. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of CAC.

40. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by CAC.

41. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CAC.

42. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

43. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

44. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

45. Plaintiff attempted to pursue his right yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

46. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

47. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CAC.

48. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

49. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

50. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

51. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

52. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

53. Failure to notate the account as disputed on Plaintiff's credit file when voluntarily re-reporting is in violation of 15 U.S.C. § 1692e(8).

54. Failure to provide the required Mini-Miranda disclosure is in violation of 15 U.S.C. § 1692e(11).

55. Defendant's collection efforts only serve to confuse and mislead the consumer.

56. Defendant's collection efforts were materially false, misleading, and deceptive.

57. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Mosley, Jr. prays that this Court:

    A.    Declare that CAC's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff John Mosley, Jr. and against CAC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

58. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

59. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

60. CAC's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

61. CAC's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, John Mosley, Jr., prays that this Court:

A. Declare that CAC's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff John Mosley, Jr., and against CAC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices**

62. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

63. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

64. CAC's communications with Plaintiff were deceptive and misleading.

65. CAC used unfair and unconscionable means to attempt to collect the alleged debt.

66. CAC's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, John Mosley, Jr. prays that this Court:

  A.  Declare that CAC's debt collection actions violate the FDCPA;

  B.  Enter judgment in favor of Plaintiff John Mosley, Jr. and against CAC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C.  Grant other such further relief as deemed just and proper.

## JURY DEMAND

67. Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 26, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By: */s/ Samantha J. Orlowski*

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
Joel@hklawstl.com
*Attorney for Plaintiff*